UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW MAGDY KAMAL,

    Plaintiff,

v.

FORD MOTOR COMPANY,

    Defendant.

Case No. 24-cv-12073

Hon. Laurie J. Michelson

Magistrate Judge Curtis Ivy, Jr.

**Reply Brief Supporting Ford Motor Company's
<u>Motion to Dismiss Counts I and IV of Plaintiff's First Amended Complaint</u>**

## Introduction

Defects in a complaint cannot be cured by adding new facts in a response brief. *Jocham v. Tuscola Cnty.*, 239 F.Supp.2d 714, 732 (E.D. Mich. 2003). Plaintiff's Response attempts exactly that—a tacit admission that his public policy and WPA claims were deficiently pled. He recharacterizes his internal "ethics complaint" as encompassing (1) cybersecurity risks, (2) harassment, and (3) violations of Ford's Code of Conduct. To buttress these new allegations, he invokes the Cybersecurity Information Sharing Act and Federal Trade Commission Act—details absent from his Amended Complaint. Even if Plaintiff had properly pled these allegations, they would not state a claim.

## Argument

**I.  Plaintiff's Response fails to identify a legally grounded public policy that fits one of three exceptions to the at-will employment doctrine.**

The new allegations in Plaintiff's Response still fail to state a public policy claim because (A) neither CISA nor the FTC Act establish any of *Suchodolski*'s three exceptions to at-will employment, (B) Title VII and ELCRA contain anti-retaliation remedies that preclude a parallel common law claim, and (C) Ford's internal policies cannot substitute for objective legal authority. Thus, Plaintiff has still failed to ground his public policy claim in a viable objective legal source, requiring dismissal.

**A.  CISA and FTC do not provide a public policy foundation for Plaintiff's claim.**

Under *Suchodolski*, it is not enough to refer to some legal source that happens to touch on an employee's internal complaint. Instead, *Suchodolski* recognizes a public

1

policy wrongful termination claim in only three specific circumstances:

1. where there is an "explicit legislative statement" prohibiting "retaliatory discharge," and the statute itself contains an inadequate remedy,

2. where the alleged reason for discharge was the "failure or refusal to violate a law in the course of employment," or

3. where the discharge resulted from the employee's "exercise of a right conferred by a well-established legislative enactment."

*Suchodolski*, 412 Mich. at 695-96; *Stegall*, 2024 WL 3503503, *5 (Mich. 2024). Neither CISA nor the FTC Act fit one of these three contexts.

Under the first public policy exception to the at-will doctrine, neither CISA nor the FTC Act contains an employee anti-retaliation provision for "report[ing] significant cybersecurity risks"—the protected activity Plaintiff's Response alleges. (ECF No. 16 PageID.275) CISA merely establishes a voluntary framework for sharing cyber threat information with the Department of Homeland Security and other private entities; it creates no obligations on private entities. *See* 6 U.S.C. §§ 1501-1510. Similarly, the FTC Act contains no explicit cybersecurity provisions, much less an employment anti-retaliation provision. *See* 15 U.S.C. §§ 41-58. Accordingly, neither statute can be the basis for a public policy claim under *Suchodolski*'s first exception.

Plaintiff's Response also fails to meet *Suchodolski*'s second exception. He merely alleges he refused to "overlook cybersecurity breaches," without more. (ECF No. 16, PageID.280) He does not—and cannot—allege he was asked to violate CISA or the FTC Act, as CISA imposes no obligations and the FTC Act lacks binding data security

2

provisions. Thus, he was not discharged for refusing to violate either statute.

The third *Suchodolski* exception is equally unavailing. Neither CISA nor the FTC Act creates employee rights or duties that Plaintiff could have been exercising. Instead, he merely claims he was performing the job duties Ford assigned him "as a Cyber Defense Analyst"—a far cry from exercising a statutory right. (*Id.*)

Plaintiff then attempts to fashion a fourth exception to the at-will doctrine for "reporting violations of law." (*Id.* at PageID.274) The Sixth Circuit has foreclosed this argument: "there is no common law cause of action for discharge in retaliation for internal reporting of violations of law." *Goldfaden v. Wyeth Lab., Inc.*, 482 Fed.Appx. 44, 51 (6th Cir. 2012).

Plaintiff's Response alternatively argues that his cybersecurity complaints generally "implicate" CISA and the FTC Act, suggesting a vague connection suffices to state a claim. (ECF No. 16, PageID.278) Michigan courts have consistently rejected such attenuated claims. A plaintiff "may not simply cite any and all laws he alleges were violated by his employer's misconduct." *Shaughnessy v. Interpublic Grp. Of Cos.*, 506 Fed.Appx. 369, 377 (6th Cir. 2012). Indeed, courts have repeatedly rejected public policy claims based on similarly loose connections to statutes. *See, e.g., Shaughnessy, supra* (citing SEC regulations and Sarbanes-Oxley Act insufficient); *McIntire v. Michigan Institute of Urology*, 2014 WL 265519, *5 (Mich. Ct. App. 2014) (rejecting claims based on statutes not intended to confer employee rights); *Suchodolski, supra* at 696-697 (rejecting claim under statute that neither prohibited retaliation nor conferred employee rights).

3

Finally, the sole case Plaintiff cites directly undermines his position. In *Landin v. Healthsource Saginaw, Inc.*, the Court found a public policy claim only because the statute at issue expressly prohibited retaliation against employees who reported medical malpractice. 305 Mich.App. 519, 529-530, 854 N.W.2d 152 (2014). Unlike the statute in *Landin*, neither CISA nor the FTC Act contains any such provision or confers any specific rights on employees.[1] Neither statute supports a public policy claim.

### B. Federal and state anti-retaliation laws supersede Plaintiff's harassment-based claims.

Plaintiff's attempt to ground his public policy claim in Title VII and ELCRA also fails. The Michigan Supreme Court has consistently held that "a public policy claim is sustainable ... only where there also is not an applicable statutory prohibition against discharge in retaliation for the conduct at issue." *Dudewicz v. Norris-Schmid, Inc.*, 443 Mich. 68, 79, 503 N.W.2d 645 (1993). While the Court recently carved out a narrow exception to this otherwise well-established principle where statutory remedies are inadequate, *see Stegall*, *supra* at *6-10 (holding OSHA/MIOSHA claims inadequate because of 30-day statute of limitations), that exception does not apply here.

Both Title VII and ELCRA provide robust protections against retaliation. ELCRA offers identical remedies and the same three-year limitations period as a public policy claim; Title VII carries a 300-day statute of limitations and permits punitive

---

[1] Plaintiff also cites *Smith v. City of Flint*, 173 F.3d 429 (6th Cir. 1999), but no such case exists.

4

damages, unavailable under state law. In fact, a recent ruling of this Court, decided after *Stegall*, continues to cite authoritatively that ELCRA precludes a public policy claim. *See, Lee v. Dana Inc.*, 2024 WL 4373754, *10 (E.D. Mich. Sept. 30, 2024) (Hood, J.), *citing Sulieman v. St. John Hosp.*, 2009 WL 10680532, at *7 (E.D. Mich. June 26, 2009) (Friedman, J.). Because Title VII and ELCRA provide comprehensive anti-retaliation remedies that Plaintiff has already invoked in Count II of his Amended Complaint, they are "presumed exclusive" under *Stegall* and preclude a public policy claim.

### C. Ford's policies cannot substitute for an objective legal source.

Ford's Code of Conduct cannot support a public policy claim. The Michigan Supreme Court squarely rejected this theory in *Suchodolski*, holding that "the code of ethics of a private association does not establish public policy." *Suchodolski, supra* at 696. Federal courts applying Michigan law agree. *See Briggs v. Univ. of Detroit-Mercy*, 22 F.Supp.3d 798, 807-808 (E.D. Mich. 2014) (rejecting public policy claim based on university's "violation of its own rules and policies").

Plaintiff's reliance on *Gardner v. Loomis Armored Inc.*, 913 P.3d 377 (Wash. 1996), is misplaced. This Washington state case, which involved an employee fired for violating company policy to save a woman's life, has no bearing on Michigan public policy law or the allegations in this case. A company's internal policies simply cannot create the type of right or duty that Michigan law requires.

In sum, Plaintiff's Amended Complaint—and even his Response's discussion of facts not in the Amended Complaint—has failed to state a public policy claim, because

5

he has not identified any law that fits within one of Michigan's three narrow exceptions to at-will employment.

## II. Plaintiff's "constructive reporting" theory defies the WPA's plain text.

Instead of alleging a report to a "public body"—as the WPA requires—Plaintiff relies exclusively on his internal HR complaint. His Response seeks to circumvent the WPA's "public body" requirement by arguing an internal complaint qualifies if it "would reasonably lead to disclosure to public enforcement agencies." (ECF No. 16, PageID.276) There is no legal authority to support this theory.

Both cases Plaintiff cites explicitly reject expanding WPA protection beyond the statute's text. In *Chandler v. Dowell Schlumberger Inc.*, the Michigan Supreme Court unanimously refused to protect employees merely "perceived to be" whistleblowers without actual protected activity. 456 Mich. 395, 406, 572 N.W.2d 210 (1998).[2] And *Henry v. City of Detroit* simply held that giving a deposition in a civil lawsuit was not a report to a public body. 234 Mich.App. 405, 594 N.W.2d 107 (1999).

As the Sixth Circuit has emphasized, "the public-body element is the core of the WPA's reporting requirement." *Talhelm v. ABF Freight Sys., Inc.*, 364 Fed.Appx. 176, 182 (6th Cir. 2010). Michigan courts consistently reject attempts to transform internal reports into WPA claims. *See, e.g., Manzo v. Petrella*, 261 Mich.App. 705, 714-717, 683 N.W.2d 699 (2004) (internal peer review committee is not a "public body"); *Briggs, supra*

---

[2] Plaintiff miscites this case as 214 F.3d 474 (6th Cir. 2000)—no such case exists.

at 805-806 (email to HR about going "outside" the university insufficient); *see also* cases cited at pages 10-11 of Ford's Principal Brief. Because Plaintiff alleges he only made an internal "ethics complaint," he has failed to state a WPA claim.

## Conclusion

The new allegations in Plaintiff's Response still fail to identify a qualifying public policy grounded in an objective legal source or show a report to a public body. As a result, the new allegations are futile and both Counts I and IV of his Amended Complaint fail to state a claim. The Court should dismiss these claims with prejudice.

                              Respectfully submitted,

                              KIENBAUM HARDY VIVIANO
                              PELTON & FORREST, P.LC.

                              By: */s/ Eric J. Pelton*
                                  Eric J. Pelton (P40635)
                                  Ryan D. Bohannon (P73394)
                              *Attorneys for Defendant*
                              280 N. Old Woodward Ave., Ste. 400
                              Birmingham, MI 48009
                              (248) 645-0000
                              epelton@khvpf.com
Dated: December 17, 2024         rbohannon@khvpf.com
552655

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW MAGDY KAMAL,

    Plaintiff,

v.

FORD MOTOR COMPANY,

    Defendant.

Case No. 24-cv-12073

Hon. Laurie J. Michelson

Magistrate Judge Curtis Ivy, Jr.

**BRIEF FORMAT CERTIFICATION FORM**

I, Eric J. Pelton, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Michelson's Case Management Requirements. In particular, I certify that each of the following is true (click or check box to indicate compliance):

- ☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

- ☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

- ☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

- ☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

- ☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

- ☒ deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A;

- ☒ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

Dated: December 17, 2024

    */s/ Eric J. Pelton*
    Eric J. Pelton (P40635)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 17, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system.  I further certify that I have served via email and U.S. Mail the aforementioned document upon the following non-ECF Plaintiff:

>Andrew Magdal Kamal
>801 W. Big Beaver Rd.
>Suite 300, MB #38
>Troy, MI 48084.
>andrew@starkdrones.com

      */s/ Eric J. Pelton*
Eric J. Pelton (P40635)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
epelton@khvpf.com

552655