sUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW MAGDY KAMAL,

     Plaintiff,

v.

FORD MOTOR COMPANY,

     Defendant.

Case No. 24-cv-12073

Hon. Laurie J. Michelson

Magistrate Judge Curtis Ivy, Jr.

---

**Ford Motor Company's Response to Plaintiff's Motion to Strike**

**Table of Contents**

Issue Presented ....................................................................................................... ii

Table of Authorities .............................................................................................. iii

Introduction ............................................................................................................. 1

Background .............................................................................................................. 1

Legal Standard......................................................................................................... 2

Analysis .................................................................................................................... 3

    I.   Ford's Answer complies with the Federal Rules..................................... 3

    II.  Ford's affirmative defenses are properly pled. ...................................... 6

    III. Plaintiff's remaining "merits" arguments are premature....................... 9

Conclusion.............................................................................................................. 10

**Issue Presented**

Plaintiff has not borne his burden to show that Ford's entire Answer and Affirmative Defenses contain "insufficient defense[s] or any redundant, immaterial, impertinent, or scandalous matter" under Rule 12(f), when Ford properly admitted or denied allegations as required by Rule 8(b), all five affirmative defenses give fair notice as required by Rule 8(c), and where the Sixth Circuit prohibits using Rule 12(f) to strike an entire pleading.

# Table of Authorities

## Cases

*Aplin v. Faurecia Interior Systems, Inc.*,
No. 18-10703, 2020 WL 7017385, *4, n. 2 (E.D. Mich. July 30, 2020) ...................... 8

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ......................................... 3, 6, 7

*Bambach v. Lapeer Cty.*,
No. 18-14039, 2020 WL 2812758, at *12–13 (E.D. Mich. May 29, 2020) ................. 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ......................................... 3, 6, 7

*Berryman v. Stephenson*,
No. 2:21-CV-10925, 2022 WL 2913763, at *2 (E.D. Mich. Apr. 26, 2022) ............... 3

*Brown & Williamson Tobacco Corp. v. United States*,
201 F.2d 819 (6th Cir. 1953) ............................................................................... 2, 3

*Burlington Industries, Inc. v. Ellerth*,
524 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998) ............................................ 9

*Faragher v. City of Boca Raton*,
524 U.S. 775, 118 S. Ct. 2275, 2278, 141 L. Ed. 2d 662 (1998) .................................. 9

*Hill v. Herbert*,
2014 WL 234217, at *2 (E.D. Mich. Jan. 22, 2014) ..................................................... 2

*Lawrence v. Chabot*,
182 F. App'x 442 (6th Cir. 2006) ................................................................................. 8

*Marks v. West Side Unlimited Corp.*,
60 F.Supp.2d 716 (E.D. Mich. 1999) ......................................................................... 8

*Martin v. Trott Law, P.C.*,
265 F.Supp.3d 731 (E.D. Mich. 2017) ........................................................................ 7

*Michigan Geosearch, Inc. v. TC Energy Corp.*,
694 F.Supp.3d 928 (E.D. Mich. 2023) ........................................................................ 7

*Mickey v. Zeidler Tool & Die Co.*,
    516 F.3d 516 (6th Cir. 2008) ...................................................................... 5

*Mockerridge v. Alcona County*,
    599 F.Supp.3d 561(E.D. Mich. 2022) ......................................................... 7

*Nexterra Sys. Corp. v. DeMaria Bldg. Co.*,
    2017 WL 345682, at *1 (E.D. Mich. Jan. 24, 2017) .................................... 7

*Olagues v. Timken*,
    908 F.3d 200 (6th Cir. 2018) ...................................................................... 3

*Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*,
    783 F.3d 1045 (6th Cir. 2015) .................................................................... 2

*Recticel Automobilsysteme GmbH v. Auto. Components Holdings*, LLC,
    2011 WL 5307797, at *9 (E.D. Mich. Nov. 3, 2011) .................................. 7

*Stanbury Law Firm v. I.R.S.*,
    221 F.3d 1059 (6th Cir. 2000) .................................................................... 3

*United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*,
    874 F.3d 905 (6th Cir. 2017) ...................................................................... 6

*United States v. Quadrini*,
    No. 2:07-cv-13227, 2007 WL 4303213, at *4 (E.D. Mich. Dec. 6, 2007) ................... 6

*Webster v. AutoZone Dev. LLC*,
    No. 2:23-cv-13033, 2024 WL 4245402, at *7 (E.D. Mich. Sept. 19, 2024) ............... 8

*Williams v. Nashville Network*,
    132 F.3d 1123 (6th Cir. 1997) .................................................................... 5

## Statutes

28 U.S.C. § 1927 ..................................................................................................... 10

42 U.S.C. § 1981a(b)(3) ........................................................................................... 8

MCL 421.11(b)(1)(iii) .............................................................................................. 5

**Other Authorities**

5 Charles Alan Wright et al., *Federal Practice and Procedure* § 1380 (3d ed. 2022) .............. 3

**Rules**

Fed. R. Civ. P. 11 ................................................................................................................. 10

Fed. R. Civ. P. 12(f) ..................................................................................................... 2, 3, 5, 9

Fed. R. Civ. P. 8(b)(4) ........................................................................................................... 4

Fed. R. Civ. P 8(b)(5) ............................................................................................................. 3

Fed. R. Civ. P. 8(c) ......................................................................................................... 6, 7, 9

## Introduction

Plaintiff's 18-page motion asks this Court to strike Ford Motor Company's entire Answer and all of its Affirmative Defenses based on fundamental misunderstandings of federal pleading standards and the Federal Rules of Civil Procedure. The motion should be denied.

## Background

On September 30, 2024, Plaintiff, proceeding pro se, filed his First Amended Complaint against Ford. (ECF No. 13.) The Amended Complaint asserted seven employment law claims: (1) public policy wrongful termination, (2) retaliation under Title VII of the 1964 Civil Rights Act and Michigan's Elliott Larsen Civil Rights Act, (3) hostile work environment under Title VII and ELCRA, (4) violation of Michigan's Whistleblower Protection Act, (5) unpaid overtime under the Fair Labor Standards Act, (6) intentional infliction of emotional distress, and (7) vicarious liability. (*Id.*)

Ford moved to dismiss Counts I and IV for failure to state a claim. (ECF No. 15.) On June 16, 2025, this Court granted Ford's motion, dismissing the public policy wrongful termination and WPA claims. (ECF No. 20.)

On June 30, 2025, Ford timely filed its Answer and Affirmative Defenses to the remaining claims. (ECF No. 24.) In its Answer, Ford admitted certain uncontested facts (such as Plaintiff's former employment), denied untrue allegations of wrongdoing, and asserted five affirmative defenses: (1) failure to state a claim, (2) failure to mitigate

damages, (3) statutory punitive damage caps under Title VII, (4) failure to request accommodation in writing under Michigan Persons with Disabilities Civil Rights Act, and (5) the *Ellerth/Faragher* defense applicable to hostile work environment claims. (ECF No. 24, PageID.361.)

Plaintiff now seeks the extraordinary remedy of striking Ford's entire Answer and all of its affirmative defenses. (ECF No. 30.) Although Ford's counsel attempted during the meet-and-confer to ask Plaintiff what specific changes could be made to the Answer or affirmative defenses to avoid burdening the Court with this motion, Plaintiff provided no constructive response. (Ex. 1, 7/15/2025 Email Chain.) Instead, he launched into a wholesale attack on Ford's pleading, essentially demanding that Ford admit, at least in part, the merits of his claims. For the reasons set forth below, Plaintiff's motion should be denied.

## Legal Standard

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are viewed with disfavor and are not frequently granted." *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). Striking a pleading is a "drastic remedy" which courts should be hesitant to grant. *Hill v. Herbert*, No. 13-cv-11228, 2014 WL 234217, at *2 (E.D. Mich. Jan. 22, 2014) (internal quotation marks omitted) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). A "motion to strike should be granted

only when the pleading to be stricken has no possible relation to the controversy." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (6th Cir. 2000); *Brown*, 201 F.2d at 822; *see also* 5 Charles Alan Wright et al., *Federal Practice and Procedure* § 1380 (3d ed. 2022). Plaintiff has not met this exacting standard.

Analysis

## I.   Ford's Answer complies with the Federal Rules.

Plaintiff's motion takes the extraordinary position of seeking to strike Ford's entire Answer—not just select denials or specific affirmative defenses, but the complete responsive pleading. This unprecedented request alone demonstrates the frivolity of Plaintiff's motion. Federal courts have consistently rejected such wholesale attacks on answers. *See, e.g., Berryman v. Stephenson*, No. 2:21-CV-10925, 2022 WL 2913763, at *2 (E.D. Mich. Apr. 26, 2022) (holding that Rule 12(f) "only permits courts to strike defenses or matters 'from' a pleading" and that "the Sixth Circuit has interpreted this language to mean that courts cannot use Rule 12(f) to strike an entire pleading"), citing *Olagues v. Timken*, 908 F.3d 200, 204 (6th Cir. 2018).

Plaintiff's motion also fundamentally confuses the applicable legal standards. While repeatedly invoking *Iqbal* and *Twombly*, Plaintiff fails to grasp that these heightened pleading standards apply to complaints, not answers. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Under Rule 8(b)(1) & (5), a defendant need only "admit or deny the allegations" or state it "lacks knowledge or

3

information sufficient to form a belief." Ford did exactly that throughout its Answer. (ECF No. 24.)

Notably, despite seeking to strike Ford's entire 38-page Answer containing responses to 113 paragraphs, Plaintiff identifies alleged deficiencies in only two responses—to Paragraphs 8 and 20. (ECF No. 30, PageID.400-402.) He points to no other purportedly improper denials among the remaining 111 paragraphs. This glaring omission underscores the extraordinary nature of Plaintiff's request and the weakness of his position. The only two examples Plaintiff offers of Ford's purported "bad faith" denials actually demonstrate why his motion fails:

**Ford's Answer to Paragraph 8.** Plaintiff claims Ford's partial denial was "scandalous" because Ford admitted the termination date but denied it was retaliatory, asserting it was improper for Ford to deny "temporal and causal connection" between his complaint and termination. (ECF No. 30, PageID.400, ¶¶ 19-20.) This is exactly what Rule 8(b)(4) permits. Fed. R. Civ. P. 8(b)(4) (permitting a party to admit part of an allegation that is true, but deny the rest). Ford admitted undisputed facts— termination on June 17, 2024, during a video call with HR present—while denying Plaintiff's untrue conclusion that the termination was causally connected to his internal "ethics" complaint. (ECF No. 24, PageID.329, answer to ¶ 8.) Plaintiff's argument that Ford must accept his characterization of the evidence fundamentally misunderstands civil litigation. His citation to *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th

Cir. 2008), proves the point—whether timing establishes retaliation is a merits question for summary judgment or trial, not a pleading issue for Rule 12(f).[1]

**Ford's Answer to Paragraph 20.** Plaintiff attacks Ford's general denial that he was a "top performer." (ECF No. 30, PageID.401, ¶¶ 21-23; ECF No. 24, PageID.333, answer to ¶ 20.) Again, Plaintiff confuses pleading with proof. Ford properly denied Plaintiff's characterization of his performance. That Plaintiff attached one document—taken out of context—does not obligate Ford to accept his interpretation of that document. Ford denies as untrue that Plaintiff was a "top performer," and denies as untrue that Plaintiff's exhibit shows what he alleges it does. The proper process in litigation to resolve this dispute is in discovery, at the dispositive motion stage, and at trial, not with a Rule 12(f) motion.

Plaintiff's error—seeking to win this case on the pleadings by demanding Ford admit his version of disputed facts—permeates his motion. But federal litigation does not work this way. Allegations are not evidence. Exhibits can be interpreted multiple ways. And disputed facts get resolved through discovery and trial, not by striking answers that dare to disagree. Ford's Answer represents precisely what the Federal

---

[1] Moreover, the EEOC right-to-sue letter and Michigan unemployment determination Plaintiff waves as proof, *see* ECF No. 30, PageID.401-402, ¶¶ 20 and 25, are inadmissible. *Williams v. Nashville Network*, 132 F.3d 1123, 1128 (6th Cir. 1997) (EEOC determinations inadmissible); MCL 421.11(b)(1)(iii) (unemployment determinations "shall not be used in any action or proceeding before any court" other than exceptions not applicable in this case).

Rules envision: a good-faith response that frames disputed issues for resolution through the litigation process. Plaintiff's motion to strike must be denied.

## II. Ford's affirmative defenses are properly pled.

Ford's five affirmative defenses are each sufficient under Fed. R. Civ. P. Rule 8(c) with support from applicable case law. Plaintiff, however, mistakenly insists that affirmative defenses must meet the heightened *Twombly-Iqbal* pleading standard applicable to complaints.[2] To support this position, he primarily relies on Magistrate Judge Pepe's unpublished opinion in *United States v. Quadrini*, No. 2:07-cv-13227, 2007 WL 4303213, at *4 (E.D. Mich. Dec. 6, 2007), which was decided mere months after the Supreme Court's decision in *Twombly*.[3] However, *Quadrini* has been superseded by subsequent authority. Courts in this district have consistently rejected attempts to

---

[2] Although Ford disagrees with Plaintiff's legal conclusion that *Twombly-Iqbal* applies to pleading affirmative defenses, in an attempt to resolve this matter, Ford's counsel called Plaintiff and offered to explain the facts supporting its defenses and even amend its defenses to include facts that would meet the *Twombly-Iqbal* standard if that would resolve Plaintiff's concerns. (Ex. 1, 7/15/2025 Email Chain (offering to "we remain open to trying resolve this in a practical way").) Plaintiff refused. (*Id.* ("I believe it is best to continue with my motion").)

[3] Plaintiff, likely showing the deficiencies of Artificial Intelligence research, relies on but mischaracterizes *United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 914 (6th Cir. 2017), claiming it "explicitly applied" *Twombly-Iqbal* to affirmative defenses. (ECF No. 30, PageID.402, ¶ 28.) This is false. *Ibanez* addressed Rule 9(b)'s particularity requirements for complaints alleging False Claims Act violations, not affirmative defenses. The opinion contains no discussion of defensive pleadings whatsoever and the Sixth Circuit has not ruled on the issue. *See Depositors Ins. Co. v. Est. of Ryan*, 637 F. App'x 864, 869 (6th Cir. 2016) ("this circuit has not addressed the precise issue of whether the *Twombly/Iqbal* heightened pleading standard applies to affirmative defenses").

impose heightened pleading requirements on affirmative defenses, recognizing that the *Twombly-Iqbal* standard applies only to complaints, not defenses.

Judge Ludington squarely addressed this issue in *Mockerridge v. Alcona County*, finding "the suggestion to impose a 'reciprocal standard' of [heightened] pleading" on affirmative defenses to be "dubious." 599 F.Supp.3d 561, 570 (E.D. Mich. 2022) (internal citations omitted). He cited multiple courts from the Eastern District that had rejected this approach, recognizing that "affirmative defenses are better judged under the fair-notice standard" required Rule 8(c)." *Id.* Similarly, Judge Kumar observed that "judges in this district have opined that the better view is that *Twombly* and *Iqbal* do not apply to affirmative defenses." *Michigan Geosearch, Inc. v. TC Energy Corp.*, 694 F.Supp.3d 928, 951 (E.D. Mich. 2023) (internal quotation marks and citations omitted). This consensus reflects over a decade of consistent rulings in the Eastern District of Michigan. *See, e.g., Bambach v. Lapeer Cty.*, No. 18-14039, 2020 WL 2812758, at *12–13 (E.D. Mich. May 29, 2020) (Hood, C.J.) (declining to apply *Twombly/Iqbal* and finding fair notice pleading standard "most appropriate"); *Martin v. Trott Law, P.C.*, 265 F.Supp.3d 731, 737 (E.D. Mich. 2017) (Lawson, J.) (holding *Twombly* and *Iqbal* "generally do not apply to pleading affirmative defenses"); *Nexterra Sys. Corp. v. DeMaria Bldg. Co.*, 2017 WL 345682, at *1 (E.D. Mich. Jan. 24, 2017) (Cohn, J.); *Recticel Automobilsysteme GmbH v. Auto. Components Holdings*, LLC, 2011 WL 5307797, at *9 (E.D. Mich. Nov. 3, 2011) (Cox, J.).

Ford's affirmative defenses satisfy the applicable standard. The Sixth Circuit requires only that affirmative defenses provide "fair notice" of the nature of the defense. *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006). Ford's defenses provide such notice, and each has a good-faith factual basis. Plaintiff's arguments to the contrary have no merit for the following reasons:

- **Failure to State a Claim**: Plaintiff claims this defense lacks support. (ECF No. 30, PageID.403, ¶ 30-35.) Among other reasons, this is a proper defense because Plaintiff's pleaded Count VII for vicarious liability fails to state a claim as a matter of law. *Webster v. AutoZone Dev. LLC*, No. 2:23-cv-13033, 2024 WL 4245402, at *7 (E.D. Mich. Sept. 19, 2024) ("Defendants are correct. Vicarious liability is not an independent claim in Michigan but is instead a theory of liability for otherwise substantiated tort claims.").

- **Failure to Mitigate Damages**: Plaintiff argues Ford provided no facts about available jobs or his job search efforts. (ECF No. 30, PageID.404, ¶ 36-39.) This misunderstands the defense—Ford need not prove mitigation at the pleading stage but merely assert it as an affirmative defense. Moreover, discovery will reveal the extent of Plaintiff's mitigation efforts, including his subsequent employment and business ventures referenced in his own pleadings.

- **Statutory Damage Caps**: Plaintiff contends federal caps don't apply to state law claims. (ECF No. 30, PageID.405, ¶ 40-42.) This defense properly preserves Ford's right to invoke applicable damage limitations under both federal and state law, including Title VII's caps on compensatory and punitive damages for the federal claims that remain. *See, e.g.*, 42 U.S.C. § 1981a(b)(3). Moreover, punitive damages are not available at all under Michigan law. *Marks v. West Side Unlimited Corp.*, 60 F.Supp.2d 716 (E.D. Mich. 1999).

- **PWDCRA Writing Requirement**: Plaintiff mistakenly claims he's alleged disability discrimination under ELCRA, which "does not cover disability discrimination." *Aplin v. Faurecia Interior Systems, Inc.*, No. 18-10703, 2020 WL 7017385, *4, n. 2 (E.D. Mich. July 30, 2020). Ford properly preserved this defense should Plaintiff attempt to pursue disability claims under applicable state law, which requires that requests for accommodation be in writing and made within 182 days after learning of the accommodation need. MCL 37.1210(18).

- ***Ellerth/Faragher* Defense**: Plaintiff argues Ford cannot invoke this defense without proving specific facts about anti-harassment policies. (ECF No. 30, PageID.407, ¶ 48-51.) This again confuses pleading with proof. The defense simply preserves Ford's right to demonstrate at trial that it exercised reasonable care to prevent harassment and that Plaintiff unreasonably failed to utilize preventive or corrective opportunities—facts to be developed in discovery. *See, Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998); *Faragher v. City of Boca Raton,* 524 U.S. 775, 776, 118 S. Ct. 2275, 2278, 141 L. Ed. 2d 662 (1998).

Each defense provides fair notice of its nature and legal basis, which is all Rule 8(c) requires. Plaintiff's motion to strike should be denied.

## III.   Plaintiff's remaining "merits" arguments are premature.

Plaintiff devotes pages to arguing the merits of his claims—contending that Ford seeks "premature dismissal," that Ford's Code of Conduct somehow constitutes an "admission of liability," and that vicarious liability is "established as a matter of law." (ECF No. 30, PageID.409-413, ¶¶ 52-83.) These arguments fundamentally misunderstand the procedural posture of this case. Ford has not moved for dismissal—it simply filed an Answer, asserted standard affirmative defenses, and included a prayer for relief that is standard in local practice in this District. Ford's Code of Conduct is a corporate policy document, not an admission of liability or a guarantee of outcomes in disputed employment decisions. Similarly, whether Ford bears vicarious liability for a supervisor's alleged conduct involves complex factual and legal questions inappropriate for resolution on a motion to strike.

These are merits arguments properly raised through summary judgment after discovery, not grounds to strike pleadings under Rule 12(f). If and when Ford moves

for dismissal on these grounds, Plaintiff will have a full opportunity to respond with evidence and legal argument. Until then, these arguments are premature and provide no basis to strike Ford's Answer or affirmative defenses.

## Conclusion

Ford's Answer properly responds to the allegations, and its affirmative defenses provide fair notice. Therefore, the Court should deny Plaintiff's motion.

While Ford's counsel has maintained a collegial relationship with Plaintiff and recognizes the challenges of pro se litigation, Ford respectfully requests the Court provide guidance regarding appropriate motion practice. This 18-page motion to strike—seeking the extraordinary remedy of striking an entire Answer based on mischaracterized law and premature merits arguments—exemplifies the type of pleading that unnecessarily increases litigation costs. Ford respectfully requests the Court remind Plaintiff that even pro se litigants must avoid needlessly multiplying proceedings, as such conduct may result in monetary sanctions under 28 U.S.C. § 1927, Fed. R. Civ. P. 11, or the Court's inherent authority.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By: */s/Ryan D. Bohannon*_____
    Eric J. Pelton (P40635)
    Ryan D. Bohannon (P73394)
*Attorneys for Defendant*
280 N. Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
rbohannon@khvpf.com

Dated: July 28, 2025

577053

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW MAGDY KAMAL,

     Plaintiff,

v.

FORD MOTOR COMPANY,

     Defendant.

Case No. 24-cv-12073

Hon. Laurie J. Michelson

Magistrate Judge Curtis Ivy, Jr.

---

## BRIEF FORMAT CERTIFICATION FORM

I, Ryan D. Bohannon, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Michelson's Case Management Requirements. In particular, I certify that each of the following is true (click or check box to indicate compliance):

    ☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

    ☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

    ☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

    ☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

    ☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

    ☒ deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A;

    ☒ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

                                     */s/ Ryan D. Bohannon*

Dated: July 28, 2025                    Ryan D. Bohannon (P73394)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 28, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system.  I further certify that I have served via email and U.S. Mail the aforementioned document upon the following non-ECF Plaintiff:

> Andrew Magdy Kamal
> 801 W. Big Beaver Rd.
> Suite 300, MB #38
> Troy, MI 48084.
> andrew@starkdrones.org

>                              /s/ Ryan D. Bohannon
>                              Eric J. Pelton (P40635)
>                              Ryan D. Bohannon (P73394)
>                              Kienbaum Hardy
>                              Viviano Pelton & Forrest, P.L.C.
>                              280 N. Old Woodward Ave., Ste. 400
>                              Birmingham, MI  48009
>                              (248) 645-0000
>                              epelton@khvpf.com
>                              rbohannon@khvpf.com

577053