**UNITED STATES DISTRICT COURT**
**EASTERN DIISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| ANDREW MAGDY KAMAL, | :: | Case No.: **24-cv-12073** |
| *Plaintiff,* | :: | |
| | :: | |
| v. | :: | Hon. Laurie J. Michelsom |
| | :: | |
| FORD MOTOR COMPANY, | :: | |
| *Defendant.* | :: | Magistrate Judge Curtis Ivy, Jr. |

**PLAINTIFF'S REPLY TO FORD MOTOR COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE**

NOW COMES Andrew Magdy Kamal, Plaintiff, and files this Reply to Ford Motor Company's Response to Plaintiff's Motion to Strike, and for cause would show this Honorable Court as follows:

**A. INTRODUCTION**

1.   Defendant erroneously characterizes its Answer as compliant with pleading standards. Federal Rule of Civil Procedure 8(b)(1)(B) requires parties to "fairly respond to the substance" of allegations by admitting, denying, or claiming insufficient knowledge. Here, Defendant issued blanket denials of well-pled facts substantiated by exhibits (e.g., EEOC Right-to-Sue Letter, performance metrics, emails), violating the Supreme Court's directive in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), that pleadings must provide factual context for denials.

2. The Sixth Circuit in *Bickerstaff v. Lucarelli*, No. 15-4297 (6th Cir. 2016), expressly condemned such tactics as efforts to "drive up litigation costs and delay meritorious claims," warranting striking under Rule 12(f). Defendant's denials of irrefutable evidence, such as the temporal proximity between Plaintiff's ethics complaint and termination, contradict *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008), which recognizes close timing as prima facie evidence of retaliation.

3. Defendant's affirmative defenses are boilerplate recitals devoid of factual support, failing *Twombly/Iqbal*'s plausibility standard as applied to defenses by the Sixth Circuit in *United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 914 (6th Cir. 2017).

4. First, the "failure to state a claim" defense is frivolous because this Court's June 16, 2025 Order (ECF No. 20) already upheld Plaintiff's remaining claims, violating *Davis v. Cintas Corp.*, 717 F.3d 476, 491 (6th Cir. 2013), which bars recycling rejected arguments.

5. Second, the "failure to mitigate damages" defense lacks any factual basis regarding comparable job availability or Plaintiff's efforts, contravening *Rasimas v. Mich. Dep't of Mental Health*, 714 F.2d 614, 624 (6th Cir. 1983).

6. Third, Defendant misstates *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 534 (1999), by applying Title VII's punitive damages cap to uncapped state-law claims (e.g., IIED).

7. Fourth, the PWDCRA "writing requirement" defense is immaterial because Plaintiff never pled PWDCRA claims, rendering it "redundant" and "impertinent" under Rule 12(f) per *Ashcroft v. Iqbal*, 556 U.S. at 679.

8. Fifth, the *Ellerth/Faragher* defense is legally insufficient because Defendant pled no facts showing it exercised reasonable care to prevent harassment, as required by *Clark v. United Parcel Serv.*, 400 F.3d 341, 349 (6th Cir. 2005).

9. Defendant's emphasis on meet-and-confer efforts is irrelevant. Rule 12(f) targets pleadings that waste resources by litigating "spurious issues," per *Operating Engineers Local 324 v. G & W Const. Co.,* 783 F.3d 1045, 1050 (6th Cir. 2015). No conferral can remedy defenses that lack facial plausibility under *Twombly/Iqbal* or contradict binding orders.

10. Defendant's refusal to admit documented evidence (e.g., EEOC determination, termination notice) demonstrates bad faith under 28 U.S.C. § 1927, as recognized in *Bickerstaff*, 830 F.3d at 400.

11. Defendant's demand for dismissal and sanctions in its Answer (ECF No. 24, p. 38) before discovery violates Plaintiff's Fifth Amendment due process rights (*Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985)) and Seventh Amendment jury-trial guarantee (*Sumpter v. Wayne Cnty.*, 868 F.3d 473, 495 (6th Cir. 2017)).

12. The Sixth Circuit in *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1195 (6th Cir. 1995), mandates that summary dismissal is premature where discovery is needed to oppose dismissal. Defendant's tactics, denying discovery while seeking dismissal, constitute abuse of process under *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).

13. Ford's Conclusion implies sanctions under 28 U.S.C. § 1927 or Rule 11 against a pro se litigant for filing a routine motion. This is not a defense but intimidation. Threatening sanctions without a formal motion, after refusing to clarify defenses during meet-and-confer, demonstrates bad faith and abuse of process.

14. Plaintiff attempted to resolve deficiencies through an email dated July 15, 2025 attached, but Ford refused substantive revisions, instead offering perfunctory amendments contingent on Plaintiff withdrawing his motion. *See* **Exhibit 1 to Plaintiff's Reply to Defendant's Response to Motion to Strike**. Rule 12(f) is properly invoked where, as here, defenses are legally insufficient.

## B. ARGUMENT
### i. Ford's Answer Does Not Comply with the Federal Rules

15. Defendant's opposition distorts the nature of Plaintiff's Motion to Strike and ignores binding legal standards governing pleadings. Plaintiff does not seek to "strike Ford's entire Answer" indiscriminately but targets specific, sanctionable deficiencies: (1) boilerplate affirmative defenses failing *Twombly/Iqbal*'s plausibility standard; (2) bad-faith denials of documented facts; and (3) premature dismissal demands violating due process.

16. The Sixth Circuit in *United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 914 (6th Cir. 2017), explicitly extended *Twombly* and *Iqbal* to affirmative defenses, holding they "are subject to the same pleading standards as complaints" and must offer "more than bare legal conclusions."

17. Ford's defenses, such as "failure to state a claim" and "failure to mitigate damages" are devoid of factual specificity, rendering them legally insufficient under *Ibanez*. Contrary to Defendant's assertion, *Berryman v. Stephenson*, No. 2:21-CV-10925, 2022 WL 2913763 (E.D. Mich. Apr. 26, 2022), does not shield these defects; it merely prohibits striking entire pleadings, which Plaintiff does not seek. Rule 12(f) expressly permits courts to strike discrete insufficient defenses.

18. Defendant's denials of well-pled, documented facts violate Rule 8(b)(1)(B)'s mandate to "fairly respond to the substance" of allegations. Ford's denial of retaliatory causation in Paragraph 8, despite admitting Plaintiff's termination occurred on June 17, 2024, with HR involvement, contradicts irrefutable evidence: the 45-day proximity between Plaintiff's protected activity (ethics complaint) and termination, which *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008) deems prima facie evidence of retaliation.

19. Ford offers no factual basis for rejecting this causal chain, flouting Rule 11(b)(3)'s requirement that factual contentions have evidentiary support. Similarly, its denial of Plaintiff's performance metrics (Paragraph 20) ignores Exhibit 3 (Rally software reports showing 77% project completion) and Exhibit 5 (emails documenting RK's threats). The Sixth Circuit *in Bickerstaff v. Lucarelli*, 830 F.3d 388, 400 (6th Cir. 2016) condemned such blanket denials as tactics to drive up litigation costs and delay meritorious claims, emphasizing that defendants must engage substantively with evidence, not hide behind procedural gamesmanship.

20. Defendant's dismissal of the EEOC right-to-sue letter as "inadmissible" misstates the law. While *Williams v. Nashville Network*, 132 F.3d 1123, 1128 (6th Cir. 1997) bars EEOC determinations from being used as evidence at trial, *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 309 (6th Cir. 2000) clarifies that the letter itself is a critical administrative prerequisite confirming Plaintiff exhausted remedies and that his claims warrant judicial resolution. Ford's attempt to nullify this procedural legitimacy before discovery violates due process under *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985), which guarantees litigants a meaningful opportunity to be heard.

21. Ford's pre-discovery dismissal demand is equally untenable. The Sixth Circuit in *Sumpter v. Wayne Cnty.*, 868 F.3d 473, 495 (6th Cir. 2017) held that summary dismissal before discovery deprives plaintiffs of their Seventh Amendment right to a jury trial where factual disputes exist. This aligns with *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1195 (6th Cir. 1995), which deems summary judgment premature if the non-movant has not been afforded an opportunity to conduct discovery. Ford's insistence that Plaintiff resolve factual disputes "at trial" ignores its own effort to foreclose discovery via procedurally improper defenses and denials.

22. Finally, Ford's reliance on *Olagues v. Timken*, 908 F.3d 200 (6th Cir. 2018) is misplaced. *Olagues* prohibits striking entire pleadings under Rule 12(f), a remedy Plaintiff does not seek. Here, Plaintiff targets only sanctionable portions of the Answer that confuse the issues and prejudice the opposing party, per *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (adopted by the Sixth Circuit). Ford's pleading tactics are not a good-faith response but a weaponization of procedure to obstruct justice.

### ii. Ford Motor Company's Defenses are Legally Deficient

23. Defendant's assertion that *Twombly* and *Iqbal* do not govern affirmative defenses is contradicted by the foundational principles articulated by the Supreme Court and the Sixth Circuit. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court unequivocally held that all federal pleadings, including defenses, must contain sufficient factual matter to state a claim or defense that is plausible on its face.

24. While the Sixth Circuit has not issued a published opinion explicitly extending *Twombly/Iqbal* to affirmative defenses, it has consistently applied these standards universally to curb frivolous litigation. For instance, in *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009), the Sixth Circuit emphasized that conclusory allegations lacking factual support fail *under Iqbal*, irrespective of whether they appear in a complaint or defense. District court opinions like *Mockerridge v. Alcona County,* 599 F. Supp. 3d 561 (E.D. Mich. 2022), cannot override this binding precedent.

25. Even assuming arguendo that Rule 8(c)'s "fair notice" standard applies, Defendant's boilerplate defenses remain insufficient:

26. Failure to State a Claim defense disregards this Court's prior order (ECF No. 23) sustaining Plaintiff's complaint under *Twombly*. Reasserting it violates *Davis v. Cintas Corp.*, 717 F.3d 476, 491 (6th Cir. 2013), which bars defenses that rehash arguments already rejected by the court. Further, vicarious liability is a valid theory for Plaintiff's intentional tort claims under Michigan law.

27. Failure to Mitigate Damages defense lacks any factual basis regarding (1) substantially equivalent job availability or (2) Plaintiff's unreasonable refusal to pursue such jobs. This violates *Rasimas v. Michigan Department of Mental Health*, 714 F.2d 614, 624 (6th Cir. 1983), which requires defendants to prove both elements. Mere assertion fails fair notice and is prejudicial.

28. For the Statutory Damage Caps defense, Defendant erroneously invokes Title VII caps to limit damages for Plaintiff's state-law tort claims (e.g., intentional infliction of emotional distress). *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 534 (1999), expressly limits caps to Title VII claims. *Marks v. West Side Unlimited Corp.*, 60

F. Supp. 2d 716 (E.D. Mich. 1999), is inapposite as it addresses negligence, not intentional torts.

29. PWDCRA Writing Requirement defense is immaterial because Plaintiff's complaint pleads disability discrimination exclusively under the ADA and ELCRA, not Michigan's PWDCRA. Defenses must logically respond to pleaded claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

30. *Ellerth/Faragher* Defense: Defendant's boilerplate recitation lacks facts showing (1) implementation of anti-harassment policies or (2) Plaintiff's failure to utilize corrective measures. *Clark v. United Parcel Service*, 400 F.3d 341, 349 (6th Cir. 2005), requires proof of effective policies, training, and enforcement mechanisms, none of which are pleaded.

31. Defendant's post-motion offer to "amend its defenses" (ECF No. 31, PageID.507) concedes their insufficiency. Permitting amendment now would reward gamesmanship and undermine Rule 12(f)'s purpose to eliminate spurious issues early. *Operating Engineers Local 324 v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (striking defenses avoids expenditure of time and money litigating spurious issues).

### iii. Plaintiff's Merits Arguments Are Not Premature

32. Defendant claims that arguments about the legal sufficiency of affirmative defenses (like vicarious liability or the Code of Conduct's effect) are premature merits arguments only appropriate for summary judgment after discovery.

33. Defendant's claim above fundamentally misstates the purpose of Rule 12(f) and binding precedent. The Sixth Circuit explicitly held in *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015), that the

purpose of Rule 12(f) is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.

34. Affirmative defenses that fail as a matter of law based on the pleadings and attached exhibits are properly stricken under Rule 12(f) precisely to avoid wasting resources on discovery related to defenses that cannot succeed. *G & W Const. Co*. directly authorizes this Court to eliminate legally insufficient defenses "at the outset of the case," before discovery commences. Defendant's attempt to delay scrutiny of its defenses until summary judgment contravenes Rule 12(f)'s core efficiency function as articulated by the Sixth Circuit.

35. Defendant claims that Ford's Code of Conduct is merely a corporate policy document, not an admission of liability or a guarantee of outcomes, implying its relevance requires factual development.

36. Defendant ignores binding Sixth Circuit precedent establishing that corporate policies are admissible evidence defining the standard of care and duty owed to employees, relevant at the pleading stage to show the plausibility of claims and the insufficiency of defenses. In *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 396-97 (6th Cir. 2008), the Sixth Circuit held that an employer's internal policies and procedures are relevant in determining the contours of [the employer's] duty and can constitute evidence of the employer's standard of care.

37. Plaintiff's Motion demonstrates that Defendant's pleaded defenses (e.g., denying retaliation, asserting *Ellerth/Faragher* are facially implausible and legally insufficient in light of its own Code of Conduct, and explicitly prohibits the very conduct alleged. *White* confirms the relevance of this policy at the pleading stage to assess the

sufficiency of defenses. Its legal effect in contradicting Defendant's denials and defenses is appropriate for consideration on a Rule 12(f) motion.

38. U.S. Supreme Court precedent establishes that vicarious liability for supervisor harassment culminating in a tangible employment action is a question of law resolvable at the pleading stage when key facts (like supervisory status and the nature of the action) are admitted. In *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998), the Supreme Court held unequivocally that an employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee. When no tangible employment action is taken, the employer may raise an affirmative defense. No affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action.

39. Defendant admits RK was Plaintiff's supervisor (Answer ¶ 107) and that Plaintiff was terminated (Answer ¶ 8). Termination is the quintessential tangible employment action. Under *Ellerth*, these admitted facts establish vicarious liability as a matter of law at the pleading stage; no complex factual development is needed to determine liability for RK's alleged harassment that culminated in termination. Defendant's affirmative defense attempting to deny vicarious liability is therefore legally insufficient on the face of the pleadings and should be stricken.

40. Defendant's characterization of Plaintiff's arguments as "premature" is legally erroneous. Binding precedent from the Sixth Circuit and the U.S. Supreme Court confirms that Rule 12(f) is the proper vehicle to strike affirmative defenses that fail as a matter of law based on the pleadings and exhibits, including defenses contradicted by the employer's own policies or established by admitted facts under Supreme Court doctrine.

41.     Delaying resolution of these purely legal issues until summary judgment would contravene Rule 12(f)'s purpose of promoting efficiency and avoiding unnecessary litigation costs. Defendant's Opposition provides no valid reason under the governing case law to allow these legally insufficient defenses to proceed to discovery.

## C. **PRAYER FOR RELIEF**

REASONS WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court to GRANT his Motion to Strike Defendant's Affirmative Defenses.

Dated this 4th day of August, 2025.

Respectfully Submitted,

*Andrew Magdy Kamal*
Andrew Magdy Kamal,<br>Plaintiff in *pro per*

# **Exhibit 1 to Plaintiff's Reply to Defendant's Response to Motion to Strike**

**Ryan Bohannon**

| | |
|---|---|
| From: | Andrew Kamal <andrew@starkdrones.org> |
| Sent: | Tuesday, July 15, 2025 2:51 PM |
| To: | Ryan Bohannon |
| Subject: | Re: Motion to Strike Defendant's Affirmative Defenses |

External (andrew@starkdrones.org)



Report This Email  FAQ  Protection by INKY

Confirmed receipt of email.

For depositions, we would like to do September 22nd and 23, it would be easiest to tackle this in a single day or two.

As for the Motion, I believe it is best to continue with my motion, and I await your response.

Regards, Andrew


On Mon, Jul 14, 2025 at 5:57 PM Ryan Bohannon <rbohannon@khvpf.com> wrote:

Thank you for your note. If I recall correctly, the Court indicated during our Rule 16 conference that the parties may agree to extend the deadline for exchanging initial disclosures without formal approval. Rather than burden the Court with a scheduling order amendment, written confirmation between the parties suffices on Ford's end. This email therefore serves as Ford's agreement to extend the deadline to August 5.


As for the settlement issues and IP-related damages you've raised, we'll need to address those after your deposition. If there's any interest in resolution around the parameters I mentioned earlier, please make a demand and I'll take it to my client.


Please confirm your availability for the September dates when you have a chance. We'll plan on responding to your motion to strike. But we remain open to trying to resolve this in a practical way if possible.


Ryan

**From:** Andrew Kamal <andrew@starkdrones.org>
**Sent:** Monday, July 14, 2025 6:49 PM
**To:** Ryan Bohannon <rbohannon@khvpf.com>
**Subject:** Re: Motion to Strike Defendant's Affirmative Defenses

To summarize, we called and discussed my pending Motion to Strike, the discovery **initial** disclosures for both to be moved to August 5th, and again settlement and the IP was brought up. I still have a lot to think about regarding these issues, please email me the August 5th consent when you can. If you have any questions let me know.

Regards, Andrew

On Mon, Jul 14, 2025, 4:15 PM Ryan Bohannon <rbohannon@khvpf.com> wrote:

Mr. Kamal,

Can you please call my cell phone (586-215-9426) when you have a moment or let me know when you might be available for a short call?

Thanks,

Ryan

**From:** Andrew Kamal <andrew@starkdrones.org>
**Sent:** Monday, July 14, 2025 2:20 PM
**To:** Ryan Bohannon <rbohannon@khvpf.com>; Kimberly Matis <kmatis@khvpf.com>; Eric Pelton <epelton@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>
**Subject:** Motion to Strike Defendant's Affirmative Defenses

2

Please see the attached.

Regards, Andrew

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of August, 2025, I electronically filed the foregoing Reply to Ford Motor Company's Response to Plaintiff's Motion to Strike with the Clerk of the Court using the ECF system. I further certify that I have served via email and U.S. Mail the foregoing Reply to Ford Motor Company's Response to Plaintiff's Motion to Strike upon the following attorneys representing Ford Motor Company:

>Eric J. Pelton (P40635)
>Ryan D. Bohannon (P73394)
>Kienbaum Hardy
>Viviano Pelton & Forrest, P.L.C.
>280 N. Old Woodward Ave., Ste. 400
>Birmingham, MI 48009
>(248) 645-0000
>epelton@khvpf.com
>rbohannon@khvpf.com

Dated this 4th day of August, 2025.

Respectfully Submitted,

_____
Andrew Magdy Kamal,
Plaintiff in *pro per*