UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW MAGDY KAMAL,

   Plaintiff,

v.

FORD MOTOR COMPANY,

   Defendants.

Case No. 24-12073
Honorable Laurie J. Michelson

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES [30]**

Andrew Kamal worked for Ford Motor Company as a Cyber Defense Analyst for almost two years. During that time, Kamal claims that he was harassed by a supervisor, required to take a "people skills course" not required for other employees, and treated unfairly. Kamal reported his concerns to Ford's Human Resources Department via an internal ethics complaint. Shortly thereafter, Kamal was terminated. Kamal believes that he was fired in retaliation for filing his complaint. Accordingly, he brought this *pro se* lawsuit alleging claims of retaliation and hostile work environment under Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act, violations of the Fair Labor Standards Act, intentional infliction of emotional distress, and vicarious liability.

In its answer to Kamal's complaint, Ford asserts five affirmative defenses: (1) failure to state a claim, (2) failure to mitigate damages, (3) statutory punitive damage caps under Title VII, (4) failure to request accommodation in writing under

Michigan's Persons with Disabilities Civil Rights Act, and (5) the *Ellerth/Faragher* defense applicable to hostile work environment claims. (ECF No. 24, PageID.361.) Kamal now moves to strike them all, along with Ford's entire answer. (ECF No. 30, PageID.396 ("Plaintiff respectfully requests this Court to strike the Answer and Affirmative Defenses filed by Defendant as improper, unsupported by fact or law, and demonstrative of bad faith litigation tactics aimed at circumventing discovery and avoiding a fair trial.").) Ford opposes the motion. (ECF No. 31.) No further argument is needed to resolve the issue. *See* E.D. Mich. LR 7.1(f).

On a party's motion under Federal Rule of Civil Procedure 12(f), "the [C]ourt may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The motion's purpose is to "avoid . . . litigating spurious issues" and to promote efficient use of time and judicial resources. *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986) (quotation omitted). Such motions, however, "are viewed with disfavor and are infrequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). Striking a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice." *Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*, 116 F. Supp. 3d 818, 823 (E.D. Mich. 2015), *aff'd* 867 F.3d 692 (6th Cir. 2017). Accordingly, "a motion to strike should only be granted if there is a clear showing that the challenged defense has no bearing on the subject

matter and that permitting the defense to stand would prejudice the plaintiff." *Beattie v. CenturyTel, Inc.*, 234 F.R.D. 160, 174 (E.D. Mich. 2006).

This drastic remedy is not warranted here. Kamal argues that Ford fails to comply with the familiar pleading standards set forth by the Supreme Court in *Twombly* and *Iqbal* and argues that its answer "constitutes a flagrant violation of Federal Rule of Civil Procedure 8(b)(1)(B)." (*Id.* at PageID.PageID.400; *see id.* at PageID.402 ("Under the landmark decisions in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), all pleadings, including affirmative defenses, must contain sufficient factual matter to state a claim or defense that is plausible on its face.").) He also says that "Ford's demand for dismissal and attorneys' fees in its Answer, prior to discovery or trial, flagrantly violates due process, disregards binding EEOC determinations, and contravenes federal procedural rules." (*Id.* at PageID.407.)

Kamal then spends the rest of his motion prematurely arguing the merits of his case. Going through each of Ford's defenses one at a time, Kamal makes the circular argument that Ford erred in asserting particular affirmative defenses or denying Kamal's allegations because he is correct on the merits and disagrees with Ford's defenses. (*See, e.g.*, *id.* at PageID.396 (stating that Ford's answer is "largely composed of blanket denials of material facts already substantiated by exhibits and the affidavit.").)

3

There are several problems with Kamal's arguments. First, as Ford explains, Kamal misunderstands the applicable legal standards. (*See* ECF No. 31, PageID.504–505.) Indeed, while Federal Rule of Civil Procedure 8(a), as interpreted in *Twombly* and *Iqbal*, dictates how particularized a plaintiff's complaint must be, Federal Rule of Civil Procedure 8(b)(1) states that a defendant's answer need only "(A) state in short plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Ford's answer does just that. And as for Ford's affirmative defenses, those "may be ple[d] in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed.)); *see also Mockeridge v. Alcona Cnty.*, 599 F. Supp. 3d 561, 570 (E.D. Mich. 2022); *Michigan Geosearch, Inc. v. TC Energy Corp.*, 694 F.Supp.3d 928, 951 (E.D. Mich. 2023) ("[J]udges in this district have opined that the better view is that *Twombly* and *Iqbal* do not apply to affirmative defenses."). This Court finds that Ford's affirmative defenses adequately put Kamal on notice.

Kamal says that in *United States ex rel. Ibanez v. Bristol-Meyers Squibb Co.*, 874 F.3d 905, 914 (6th Cir. 2017), the Sixth Circuit "explicitly applied *Twombly/Iqbal* to affirmative defenses, holding that boilerplate defenses lacking factual foundation are legally insufficient." (ECF No. 30, PageID.402.) But that is untrue. As Ford explains, that case addressed "Rule 9(b)'s particularity requirements for complaints alleging False Claims Act violations, not affirmative defenses. The opinion contains

4

no discussion of defensive pleadings whatsoever." (ECF No. 31, PageID.507 n.3.) The Court recognizes that Kamal is proceeding *pro se*. But it is still his responsibility to ensure that he is properly citing case law and the propositions for which the cases stand.

As for Kamal's remaining arguments, Kamal misunderstands Ford to be seeking the dismissal of his remaining claims prior to discovery: it is not. Instead, Ford merely filed an answer and included a prayer for relief. Finally, as for the pages Kamal spends arguing the merits of his claims, the Court will not weigh in now. These arguments may be properly raised through summary judgment following discovery. *See* Federal Rule of Civil Procedure 56.

Thus, because Kamal has failed to establish that Ford's answer contains "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" under Federal Rule of Civil Procedure 12(f), the Court will DENY Kamal's motion to strike Ford's affirmative defenses (ECF No. 30).

SO ORDERED.

Dated: August 19, 2025

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE