UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

FILED
CLERK'S OFFICE
DEC 3 0 2025
U.S DISTRICT COURT
EASTERN MICHIGAN

| | |
|---|---|
| ANDREW MAGDY KAMAL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br><br>FORD MOTOR COMPANY,<br><br>　　　　Defendant. | CASE NO: 24-cv-12073-LJM<br><br>Hon. Laurie J. Michelson<br><br>Magistrate Judge Curtis Ivy, Jr.<br><br><br>**PLAINTIFF'S LETTER TO THE HONORABLE JUDGE LAURIE J. MICHELSON** |

## LETTER TO THE HONORABLE JUDGE LAURIE J. MICHELSON

Dear Honorable Judge Laurie J. Michelson,

　　I am writing to inform you and express some concerns I have about the Fact Discovery due by 1/9/2026, the considerable delays in discovery from the defendant's side, and ethical issues related to this case and the defendant's counsel.

This letter is also being sent to the defendants to ensure that I, the plaintiff, cannot be accused of any form of ex-parte communication.

As you know, the defendant's counsel and I have been engaged in what I believe to be good-faith communication up until this point. I hope that none of the actions taken by the defendant's side

are intentional; however, they raise significant concerns regarding my civil rights, my rights in discovery and deposition, and issues of non-misrepresentation. I believe these concerns need to be brought up in a timely manner.

The American Bar Association has established ethical guidelines that emphasize the fair representation of facts, the diligence expected from lawyers, and the standards of representation when interacting with a Pro-Se plaintiff. In my view, this Code of Ethics must be adhered to by all practicing lawyers, and I sincerely hope to remind the defendants' counsel of the ABA's provisions. Moreover, I assert that any attempts to hinder fair justice for myself as a self-representing individual, or to weaken my arguments by exploiting timelines, may constitute a significant violation of civil liberties in this case.

There have already been several inconsistencies in the affirmative defenses presented by the defendants, as well as in their conduct throughout this case thus far. While I will not address all of these discrepancies in this letter, it is crucial to highlight a few. I assert that my right to a jury trial should not be compromised for a legitimate complaint that involves multiple disputes requiring examination by third parties from an unbiased viewpoint.

At the same time, the defendants (having mentioned in their affirmative defenses hopes for a dismissal) have not only taken advantage of the discovery timeline and their representation in deposition but have contradicted various points in the past they have made in their affirmative defenses including no 19. and no 21. along with seemingly to have denied Vicarious liability for Mr. Kloman, my supervisor.

I would like to remind the court that it has been my intention to engage in good faith discussions with the defendants' counsel and to have the case assessed based on its merits.

In good faith, I have extended the deadline for the defendant's counsel to respond to the complaint until 10/23/2024, despite the fact that a Ford employee, identified as Shinetta Hill, signed the summons on 8/23/2024 (Doc no. 8, page no. 2).

Although Ford's counsel has suggested that a legal doctrine may be applicable to Ford, indicating that the summons must be served to either Ford's legal counsel or the executive's office, I was not aware that Ms. Shinetta Hill had previously signed a summons in another case (https://trellis.law/doc/256795964/return-service), specifically (NO: GD-23-014304), and that this summons appears to have been accepted by Ford. Nonetheless, I have extended the time for Ford to respond out of good faith.

I would like to highlight some discrepancies, particularly regarding Ford's assertion that I have not been resourceful to them, as well as their ongoing implications that I possess "communication issues." I will address these matters in this letter. Additionally, it is important to note that Ford has breached contractual obligations through their legal counsel, seemingly without awareness of this fact. For instance, Mr. Bohannon, who represents Ford, appears to be oblivious to the reality that in situations where ownership of patents, specifically, the patents referenced in the amended complaint and the original complaint as exhibits, has been transferred to a company affiliated with the work performed during the inventor's employment, the named inventor still retain moral rights to be recognized as associated with those inventions. Consequently, any violation of fair attribution or denial of inventorship undermines this principle.

While Mr. Bohannon isn't well-versed in IP law (as he stated to me), ABA provisions still exist in which registered lawyers are to consider and not supposed to mislead the court. By what seems to be outright denying inventorship in the affirmative defenses or utilizing words in

any discussions such as "you claimed to have invented", Mr. Bohannon broke this covenant. While affirmative defense could be denied or rejected, due diligence should be expected before Ford's counsel makes any defense in order not to mislead the court. This action made by Ford's counsel may have nullified Ford's ownership of the IP previously assigned to Ford. That said, there are still many legal ramifications and discoveries that may be reserved for this argument.

Other discrepancies that I consider significant to highlight include my considerable generosity in allowing time for discovery with Ford, as I believe they have reciprocated. However, practices such as wordsmithing, discussing matters unrelated to the case, posing questions that want to disregard somebody's context, and delaying discovery are all tactics that I believe Ford's counsel has employed, which hinder my complete entitlement to equitable justice.

I would like the court to note that I discussed the possibility of filing a Motion to Compel Discovery as early as January of this year, which I subsequently decided to put a hold on. Despite the existence of a litigation hold, I have expressed my concerns regarding the potential deletion of data, technical logs, repositories, workstation documents, and other relevant materials throughout this case. On July 14, 2025, I formally requested a list of documents and materials to be produced. Additionally, the discovery plan was jointly submitted on July 2nd of this year. Both parties have engaged in extending discovery requests as necessary between late July and October, and in August, we established a protective order, which I believed would expedite Ford's ability to prepare for discovery.

Despite both parties attempting to reach an agreement, which I trust has been pursued in good faith, Ford initially fulfilled what appeared to be 8 out of the 29 discovery requests as early as October.

I have pointed out that discovery is needed to prepare for a deposition, and Ford has asserted that a deposition can help narrow where to look in relationship to the scope of discovery. Additionally, I would like to inform you that when I granted Ford's counsel the authority to exceed the presumptive limit for depositions, which has already elapsed, I was not aware that their intentions extend well beyond merely narrowing the scopes in the ways I will outline here.

Nevertheless, I have been engaged in working with them during October and November to further the discovery process with Ford, and they appear to have collaborated with me in what I still hope is a spirit of good faith. This effort includes my attempts to provide as much specificity as possible in response to their objections, as well as holding various meet and confers with them in the hope of addressing issues in good faith. However, not all discoveries have been finalized as of yet. Up to the date of my initial deposition, Ford has piled a handful of documents, including one just a business day prior to my deposition. Furthermore, they have not yet advanced in the discussions they intended to have during the deposition to further refine the discoveries, as the expected duration of the deposition was inadequate for their requirements.

Other issues have arisen during this discovery process from both parties, and I wish to emphasize that although I do not believe this is intentional, the inconsistencies observed in the deposition and the timing of their revelation appear quite peculiar, to say the least. For instance, claiming that Ford denies vicarious liability for Mr. Kloman, while simultaneously keeping me unaware that Mr. Kloman would be virtually attending the deposition, does not seem coherent.

Furthermore, I contend that context holds considerable importance; if the main aim of the deposition now appears to be the dismissal of the case (as they seem to claim in their affirmative defenses), then some of their unwillingness's to permit me to provide context, any emphasis on

irrelevant inquiries, and their seemingly biased questions, which they seem to imply guilt through the manner in which they are posed, along with their claim that I had sufficient time to review the discovery despite the accumulation of discovery days leading up to the event, seem disingenuous. Additionally, Ford's counsel has sought to impose a fixed or theoretical limit on the damage they have inflicted, even though I believe some of these damages do not have a legally mandated cap in the State of Michigan.

I currently do not have access to my transcript or the instructions for ordering them yet for my Monday deposition. However, the way discovery is being conducted, combined with any assertion that Ford can claim communication issues or deficiencies in communication skills, while simultaneously asserting that my communication should be effective enough to pass the court's traditional deposition time limit, presents a contradiction in and of itself. It is essential to recognize that context is significant; during my employment at Ford, my primary loyalty was to safeguard the data, privacy, and security of the company and its customers, followed by my loyalty to the company itself. If anyone violated these loyalties, or if I had a manager whom I believed jeopardized these loyalties, I raised those concerns multiple times during my time at Ford.

Once the transcript is sealed and available, I strongly encourage you to review it in its entirety to identify any discrepancies or possible violations of my civil rights. Although I cannot detail all the discrepancies and the complete nature of these complaints in this letter due to their sensitive nature, I am willing to engage in further discussion during a stipulated and monitored call with Ford's counsel if necessary. At this moment, it appears that several issues and discrepancies are present, and I am also uncertain whether depositions have been conducted by Ford's counsel with the fact witnesses or if any written interrogatories for the fact witnesses,

which should be included in the discovery, are missing. Additionally, I will be sending out a notice today regarding the affiliated fact witnesses I intend to depose or from whom I seek interrogatories.

This letter is being sent out to you along with Ford's council to put them in check along with making sure you are aware of any ethical concerns I have. I believe at this moment extending discovery may further allow Ford more time than necessary to prepare for the case, while at the same time none of my previous requests or inquiries prior to the January 9th deadline should be prejudiced as a result of these delays.

At this juncture, it appears that Ford is unwilling to engage in any reasonable settlement or mediation regarding this case. I believe it may be necessary to establish a scheduling order for a jury trial, which I would like to emphasize could be required at this stage. If Ford intends to claim that my communication is lackluster and that I have not been resourceful, then the duration of the deposition should not have been so lengthy, and the discovery process should not be as extensive as it has been, particularly considering even just the amount of emails and internal communications over such a brief time frame working at Ford. Should Ford's counsel maintain that my communication is lacking and that behavior-based ratings are justified, they should not have any concerns about proceeding to a jury trial.

Therefore, I hope a scheduling order can be initiated to reinstate my constitutional rights as a result of the discrepancies that have happened so far which I hope were not done intentionally or over bad faith, but at this point it seems ethically questionable. I greatly appreciate any consideration into looking at this matter and thank you greatly for your time.

Respectively Submitted,



s/Andrew Magdy Kamal/

801 W. Big Beaver Rd.

Ste. 300, MB #38

Troy, Michigan 48084

(248) 679-8711

andrew@starkdrones.org

## Certificate of Service

I hereby certify that on December 24, 2025, I served via email and U.S. Mail the aforementioned document upon the following:

Ryan Bohannon

Kienbaum Hardy

Viviano Pelton & Forrest, P.L.C.

280 N. Old Woodward Ave., Suite 400

Birmingham, MI  48009

(248) 645-0000

rbohannon@khvpf.com

 

                                                                              s/Andrew Magdy Kamal/

                                                                              801 W. Big Beaver Rd.

                                                                              Ste. 300, MB #38

                                                                              Troy, Michigan 48084

                                                                              (248) 679-8711

                                                                              andrew@starkdrones.org



PRIORITY MAIL EXPRESS®

Andrew Magdy Kamal
801 W Big Beaver Rd Ste – 300 MB #38
Troy, MI 48084

RECEIVED
DEC 30 2025
CLERK'S OFFICE
U.S. DISTRICT COURT

WAIVER OF SIGNATURE REQUESTED

Clerk's Office
Theodore Levin U.S. Courthouse
231 W Lafayette Blvd RM 599
Detroit, MI 48226-2700

USPS TRACKING # eVS

9270 1901 5266 1900 2300 0913 31

PRIORITY MAIL EXPRESS™
POSTAGE REQUIRED

PRIORITY MAIL EXPRESS
U.S. POSTAGE PAID
C2M
eVS

PRIORITY ★ MAIL ★ EXPRESS™

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

EMS

PS11101091121

February 2015
OD: 12.5 x 9.5

UNITED STATES POSTAL SERVICE®

PRESS FIRMLY TO SEAL

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express™ shipments. Misuse may be a violation of federal law. This packaging is not for resale. © U.S. Postal Service; February 2015; All rights reserved.