UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW MAGDY KAMAL,

    Plaintiff,

v.

FORD MOTOR COMPANY,

    Defendant.

Case No. 24-cv-12073

Hon. Laurie J. Michelson

Magistrate Judge Curtis Ivy, Jr.

Plaintiff's Reply to Defendant Ford Motor Company's
Response to Plaintiff's Motion for Leave to Amend

**INTRODUCTION**

1. Defendant's opposition mischaracterizes both the purpose and effect of Plaintiff's Motion. Far from a "meritless" filing, the Motion seeks precisely what Rule 15(a)(2) envisions: a liberal opportunity to amend pleadings to ensure this case is decided on its merits, not pleading technicalities.

2. Defendant's arguments against amendment rely on distortions of the record, ignore the core principles governing leave to amend, and, most troubling, attempt to penalize Plaintiff for exercising his procedural rights and for refusing to accede to Defendant's self-serving stipulation. For the reasons below, the Motion should be granted.

**ARGUMENT**

3. Defendant's response minimizes the governing legal standard. Federal Rule of Civil Procedure 15(a)(2) embodies a presumption in favor of amendment, grounded in due process and the preference for resolving disputes on their merits rather than on technical pleading defects.

4. The Supreme Court made this principle unmistakably clear in *Foman v. Davis*, holding that leave to amend should be "freely given" absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. 371 U.S. 178, 182 (1962). Courts consistently applies this liberal standard, emphasizing that denial of leave to amend is the exception, not the rule.

5. Defendant's response inverts this standard by treating amendment as something Plaintiff must justify under an elevated burden. That approach is contrary to Rule 15, and the Supreme Court precedent.

6. Defendant's undue-delay argument is factually and legally flawed. Timeliness cannot be evaluated in a vacuum. The Sixth Circuit requires courts to consider context, including discovery conduct and whether delay caused prejudice. *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002).

7. Here, the Motion to Amend was discussed weeks before filing, while Defendant simultaneously deposed Plaintiff at length and withheld technical discovery while engaging in document-piling.

8. Courts routinely reject claims of undue delay where discovery disputes or asymmetric access to information impair a plaintiff's ability to plead with specificity. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (delay alone insufficient; prejudice is the "touchstone").

9. Moreover, amendment sought before dispositive motions and while discovery was still ongoing is presumptively timely. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 641 (6th Cir. 2018). Defendant identifies no scheduling order deadline violated and no concrete prejudice tied to timing. The argument therefore fails as a matter of law.

10. A core flaw in Defendant's position is its attempt to weaponize deficiencies that Defendant itself helped create. Courts recognize that plaintiffs have the right to

3

amend pleadings to cure defects, particularly where those defects arise from discovery conduct or procedural maneuvering by the opposing party.

11. An amended complaint is designed precisely to supersede prior versions. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000).

12. Amendment is appropriate where it clarifies or corrects issues exposed through litigation. Defendants cannot obstruct discovery, exploit ambiguity, and then argue that Plaintiff should be penalized for seeking to correct and clarify the record.

13. Defendant mischaracterizes the Amended Complaint as introducing new matters. The additional allegations are factually related to issues raised over a year ago, now pled with greater specificity to prevent Defendant from claiming ignorance or aloofness.

14. Courts encourage this very practice. Rule 8 does not prohibit greater factual particularity, and Rule 15 expressly permits it. Where amendments merely amplify existing allegations, prejudice is minimal or nonexistent. *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994).

15. Defendant has litigated these factual themes throughout discovery. Increased specificity does not constitute surprise, nor does it impose undue burden.

16. Defendant's futility argument hinges on a false premise: that Plaintiff is substantively repleading dismissed claims. Plaintiff has already clarified under oath and in ECF No. 47, that he is not withdrawing appellate rights, not that he is substantively relitigating dismissed claims.

17. Preserving appellate rights is not equivalent to repleading.

4

18. Nothing in Rule 15 requires a plaintiff to accept an opposing party's proposed stipulation as the price of good faith. Defendant's insistence that Plaintiff adopt its preferred procedural framing has no legal basis.

19. Bad faith requires evidence of intent to harass, delay, or abuse the judicial process. "A district court may deny leave for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant", *Prater v. Ohio Educ. Ass'n*, 505 F.3d 437, 445 (6th Cir. 2007). Mere disagreement, particularly over preservation of rights, does not qualify. Parties are not obligated to accept an opponent's litigation strategy to demonstrate good faith.

20. Defendant's argument effectively asserts entitlement to Plaintiff's agreement. The law recognizes no such entitlement.

21. Defendant's evidentiary tactics underscore the need for amendment and judicial oversight. Including deposition transcripts almost in their entirety is materially different from citing excerpts for legitimate purposes.

22. Courts routinely caution against unnecessary public filing of deposition transcripts, particularly where irrelevant personal information is exposed. *In re National Prescription Opiate Litig.*, 927 F.3d 919, 938 (6th Cir. 2019) (recognizing privacy and proportionality concerns in public filings).

23. The exhibits now publicly disclose Plaintiff's home address and prior addresses; family and living-situation details; personal phone numbers and emails; names of treating physicians; church affiliations; date of birth; and educational records.

24. Courts recognize a compelling interest in protecting such information from public dissemination. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Sealing or redaction should be permitted where disclosure creates risk of identity theft, harassment, or reputational harm.

25. Defendant did not confer with Plaintiff before filing these materials, exacerbating the harm and undermining its claims of good faith.

26. While not automatically sealed, depositions containing sensitive personal information are frequently subject to protective treatment. *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016). Defendant's unilateral decision to place large swaths of transcript into the public domain was unnecessary and avoidable.

## CONCLUSION

27. Defendant has failed to meet its burden of demonstrating undue delay, futility, prejudice, or bad faith. The Motion to Amend is consistent with Rule 15, due process, and controlling precedent. Plaintiff seeks only to clarify, correct, and plead his case with the specificity the Court and Defendant have demanded.

28. Justice requires granting leave to amend.

Dated this 23rd day of January, 2026.

Respectfully Submitted,

s/Andrew Magdy Kamal/

———————————————

Andrew Magdy Kamal,
Plaintiff in *pro per*
801 W. Big Beaver Road

Suite 300, MB #38

Troy, MI 48084

616-541-9038

andrew@starkdrones.org

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of January, 2026, I electronically filed the foregoing Reply to Ford Motor Company's Response to Plaintiff's Motion to Amend with the Clerk of the Court using the Pro Se filer system. I further certify that I have served via email and U.S. Mail the foregoing Reply to Ford Motor Company's Response to Plaintiff's Motion to Amend upon the following attorneys representing Ford Motor Company:

    Eric J. Pelton (P40635)
    Ryan D. Bohannon (P73394)
    Kienbaum Hardy
    Viviano Pelton & Forrest, P.L.C.
    280 N. Old Woodward Ave., Ste. 400
    Birmingham, MI 48009
    (248) 645-0000
    epelton@khvpf.com
    rbohannon@khvpf.com

Dated this 23rd day of January, 2026.

Respectfully Submitted,

s/Andrew Magdy Kamal/

Andrew Magdy Kamal,
Plaintiff in *pro per*
*801 W. Big Beaver Road*
*Suite 300, MB #38*
*Troy, MI 48084*
*616-541-9038*
*andrew@starkdrones.org*